[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15225
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-80174-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMMY LEE POTTS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 7, 2009)

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Sammy Lee Potts appeals the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Potts was sentenced in September 2003 to 200 months of imprisonment for possession with intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Even though he was sentenced as a career offender, Potts contends that he is entitled to a sentence reduction because his base offense level was lowered by Amendment 706 to the Sentencing Guidelines. After careful review, we AFFIRM.

We review de novo a district court's legal conclusions about the scope of its authority under § 3582(c)(2). See United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008). We review the denial of a § 3582(c)(2) motion for abuse of discretion. See United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam). A district court has the authority to reduce a sentence based on a guideline imprisonment range that has subsequently been lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). Amendment 706, effective retroactively as of 3 March 2008, permits a two-level reduction in the base offense levels under U.S.S.G. § 2D1.1(c) for certain crack cocaine offenses. See Moore, 541 F.3d at 1325. Amendment 706 does not affect the guideline ranges of defendants sentenced as career offenders under U.S.S.G. § 4B1.1, however. See

2

id. at 1330. Accordingly, even though Amendment 706 may reduce a defendant's base offense level under § 2D1.1(c), a defendant is not entitled to a sentence reduction if he is sentenced as a career offender under § 4B1.1. See id.

Moore controls the outcome of this case. Potts was sentenced as a career offender under § 4B1.1 which yielded an offense level of 34. He was awarded a three-level downward adjustment for timely accepting responsibility and assisting authorities in the investigation or prosecution, resulting in a total offense level of 31. His offense level under the career offender section applied because it was greater than his base offense level of 28 under § 2D1.1. See U.S.S.G. § 4B1.1(b) (providing that "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply"). Even though Amendment 706 would reduce Potts's base offense level under § 2D1.1 from 28 to 26, his guideline sentencing range would remain the same under the career offender provision. Thus, because Amendment 706 had no effect on Potts's sentencing range, § 3582(c)(2) did not authorize a sentence reduction. See Moore, 541 F.3d at 1330.

Potts argues that an exception to Moore applies here. He points to a footnote in United States v. James, 548 F.3d 983, 985 n.2 (11th Cir. 2008) (per curiam), in which we acknowledged that "Amendment 706 could apply to the

3

sentence of an armed career criminal" where "§ 2D1.1(c) was applied at the original sentencing for an armed career criminal because it produced the highest offense level among the relevant calculations in § 4B1.4(b)." As Potts concedes, he was not sentenced as an armed career criminal. Equally important, his base offense level under § 2D1.1(c) was not applied at his original sentencing because he had a greater offense level under the career offender provision. The exception noted in James is therefore inapplicable.

For these reasons, we AFFIRM the district court's denial of Potts's motion for sentence reduction.

**AFFIRMED.**