[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15048
Non-Argument Calendar

_____

D. C. Docket No. 05-00142-CR-T-30MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBY LEE SAUNDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 21, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ruby Lee Saunders appeals the denial of her motion to reduce her sentence.

18 U.S.C. § 3582(c)(2). Saunders moved to reduce her sentence based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. We affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam). A district court may modify a sentence for a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A sentence modification is not consistent with the policy statements when an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(2)(B).

Saunders's argument is foreclosed by precedent. In United States v. Moore, we held that, when a defendant's base offense level is calculated under the career offender provision, U.S.S.G. § 4B1.1, Amendment 706 does not lower the defendant's guideline range and the defendant is ineligible for a sentence modification under section 3582(c)(2). 541 F.3d 1323, 1330 (11th Cir. 2008). Saunders was sentenced as a career offender. We affirm the denial of Saunders's

2

motion to reduce her sentence.

**AFFIRMED.**