[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14660
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-80184-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWAINE EASON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2009)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

On June 15, 2007, the district court sentenced Dwaine Eason on a plea of

guilty to possession of a semi-automatic pistol and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), to a prison term of 72 months.  In July 2008, Eason, proceeding pro se, filed a "nunc pro tunc motion based on defendant's 'actual innocence' of the illegal sentence enhancement pursuant to U.S.S.G. § 2K2.1(a)(4)."  Eason did not appeal his sentence.[1]  The district court summarily denied his motion.  He now appeals the denial.

At sentencing, the district court enhanced Eason's base offense level because it determined that his prior conviction for carrying a concealed weapon constituted a crime of violence.  He claims that the court erred in doing so  because, after our decision in United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), carrying a concealed weapon does not constitute a violent felony for sentencing purposes. Eason argues that he is "actually innocent" of the "illegal sentencing enhancement" he received, and requests that we remand his case for resentencing.

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation omitted).  Consequently, we construe Eason's motion as a request for relief under 18 U.S.C. § 3582(c) and Federal Rule of Criminal Procedure 35.

---

[1]  A motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is presently pending in the district court.

A district court may not modify a defendant's sentence except in limited circumstances, which are set forth in 18 U.S.C. § 3582(c). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008) (addressing a § 3582(c)(2) motion). Section 3582(c) provides, in pertinent part:

(c) Modification of an imposed term of imprisonment. — The court may not modify
a term of imprisonment once it has been imposed except that —

(1) in any case —

(A)     the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable . . . .

(B)     the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2)     in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission.

18 U.S.C. § 3582(c).

In addition, Rule 35 provides, in pertinent part:

(a)  Correcting Clear Error. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

(b)  Reducing a Sentence for Substantial Assistance.

(1)  In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

(2)  Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

(A)  information not known to the defendant until one year or more after sentencing;

(B)  information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

(C)  information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35.

4

Eason does not qualify for relief under § 3582(c) and Rule 35. The district court's judgment is therefore

AFFIRMED.