[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2012
JOHN LEY
CLERK

No. 10-12948
Non-Argument Calendar

_____

D.C. Docket Nos. 9:09-cv-80172-DTKH,
9:06-cr-80184-DTKH-1

DWAINE EASON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 10, 2012)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

On June 18, 2007, Dwaine Eason was sentenced to prison for 72 months on

a plea of guilty to possession of a semi-automatic pistol and ammunition, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The court imposed an enhanced sentence because Eason was a career offender; he has a prior conviction for carrying a concealed weapon, which the court considered as a crime of violence under the Sentencing Guidelines.

Eason did not appeal his sentence, but in July 2008, he moved the district court to reduce his sentence based upon his actual innocence, citing this court's holding in *United States v. Archer*, 531 F3d 1347 (11th Cir. 2008), that carrying a concealed weapon does not constitute a crime of violence for sentencing purposes. Because his prior conviction for carrying a concealed weapon is not a crime of violence, Eason argued, he was "actually innocent" of that crime.  The district court denied his motion, and, on April 21, 2009, we affirmed the ruling.  *United States v. Eason*, 323 Fed. App'x 827 (11th Cir. 2009).

On February 11, 2009, while that appeal was pending, Eason moved the district court pursuant to 28 U.S.C. § 2255 to vacate his sentence on two grounds: (1) his attorney rendered ineffective assistance of counsel for failing to appeal his sentence, and (2) he is actually innocent of his sentence in light of our decision in *Archer* and the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed.2d. (2008).  The district court rejected both grounds and denied his motion.  He appealed, and we granted a certificate of appealability

2

on one issue: "Whether the district court erred in determining that a freestanding challenge to a career offender sentence imposed under U.S.S.G. § 4B1.1, brought pursuant to *United States v. Archer*, 531 F.3d d1347 (11th Cir. 2008), fails to state a cognizable claim on collateral review."

We withheld consideration of this appeal pending our decision in *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011). *McKay* controls the disposition of this appeal. In *McKay*, as here, the § 2255 movant, McKay, failed to appeal his sentence and claimed in his § 2255 motion, as Eason does in this case, that he was actually innocent of his sentence on the ground that the district court, at sentencing, erred in treating his prior conviction for carrying a concealed weapon as a crime of violence. Although the district court denied McKay relief and a COA, this Court granted him a COA on the following issue: "[w]hether the district court erred in finding that [McKay's] sentencing claim about the career-offender enhancement is not cognizable in proceedings under 28 U.S.C. § 2255, and, if cognizable, whether this sentencing claim is procedurally defaulted in any event." Id. at 1195. We ultimately declined to address the cognizability issue in McKay, but affirmed the district court's denial of relief based upon McKay's procedural default, i.e., his failure to raise his Archer claim on direct appeal. Id. at 1195–96, 1998–2000. In doing so, we kept the actual innocence exception to procedural

3

default narrow.  <u>Id.</u> at 1999.  Specifically, we "decline[d] to extend the actual innocence of sentence exception to claims of legal innocence" involving guideline sentencing enhancements.  <u>Id.</u>  The facts of Eason's case are indistinguishable from <u>McKay</u>.  Therefore, we conclude that Eason's claim of actual innocence regarding his guideline sentence cannot excuse his procedural default.

AFFIRMED.