[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16306
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00918-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD VENARD HIGHTOWER,
a.k.a. Edwin,
a.k.a. Cedric,
a.k.a. E.Z.

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 6, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Edward Venard Hightower, through counsel, appeals from the district

court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify his sentence, based

on Amendment 706 to the U.S. Sentencing Guidelines, which lowered the base offense levels for crimes involving cocaine base ("crack cocaine"). On appeal, Hightower argues that the district court erred in finding that it lacked authority under § 3582(c)(2) to reduce his sentence due to the fact that he was sentenced as a career offender, because United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009), and cert. denied, __ S. Ct. __ (U.S. Mar. 9, 2009) (No. 08-8554), was wrongly decided under United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 128 S. Ct. 558 (2007). After thorough review, we affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The Sentencing Commission has noted that a defendant is ineligible for a sentence reduction where an "amendment does not have the effect of lowering [his] applicable guideline

2

range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)).

The district court did not err in denying Hightower's § 3582(c)(2) motion because he was sentenced as a career offender. See Moore, 541 F.3d at 1330 (holding that a district court lacks authority under § 3582(c)(2) to reduce a defendant's sentence when the defendant was sentenced under U.S.S.G. § 4B1.1 as a career offender). Additionally, Hightower's Booker and Kimbrough arguments are foreclosed by precedent. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664) (holding that Booker and Kimbrough do not apply at resentencing proceedings under § 3582(c)(2)). Accordingly, we affirm.

**AFFIRMED.**