[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 12, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10339
Non-Argument Calendar
_____

D. C. Docket No. 04-00044-CR-ORL-19-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE HUGHLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 12, 2009)

Before DUBINA, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Willie Hughley appeals from the district court's denial of his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to

crack cocaine. On appeal, Hughley argues that the district court erred in determining that he was not eligible for relief under § 3582(c)(2) because he was sentenced as a career offender under U.S.S.G. §4B1.1 rather than under the drug quantity table set forth in § 2D1.1(c). After careful review, we affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A sentence modification is not consistent with the Commission's policy statements where an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert denied, McFadden v. United States, 129 S. Ct. 965 (2009), and cert. denied, 129 S. Ct. 1601 (2009), we held that where a defendant's base offense level is calculated under the career offender provision in U.S.S.G. § 4B1.1 rather than the drug quantity table in § 2D1.1(c), Amendment 706 does not operate to lower the

2

defendant's guideline range and, therefore, the defendant is not eligible for a sentence modification under § 3582(c)(2). We noted that a defendant who qualifies as a career offender under § 4B1.1 may still be eligible for relief under § 3582(c)(2) and Amendment 706 where the district court determines that the career offender provision over-represents his criminal history and, thus, sentences the defendant according to the otherwise applicable guideline range set forth in § 2D1.1(c). Id. at 1329-30. We emphasized, however, that this would occur only where the defendant's offense level was determined by the drug quantity table in § 2D1.1(c). Id.

Here, any exception discussed in Moore does not apply to Hughley. At Hughley's sentencing hearing, the district court calculated his base offense level pursuant to the career offender guideline in § 4B1.1. Although the district court departed downward from Hughley's base offense level by three levels in light of various factors, the court did not calculate his offense level based on the drug quantity table in § 2D1.1(c) rather than § 4B1.1. Because Hughley's offense level and resulting guideline range were based on his career offender status, Amendment 706 did not operate to reduce his offense level. Id. at 1330. As a result, any exception discussed in Moore does not apply, and the district court correctly

3

determined that Hughley was not eligible for relief under § 3582(c)(2).  Id. at 1329-30.  Accordingly, we affirm.

**AFFIRMED.**