[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 12, 2008
THOMAS K. KAHN
CLERK

No. 08-12067
Non-Argument Calendar
_____

D. C. Docket No. 90-04051-CR-4-WS-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHANIEL JAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 12, 2008)

Before CARNES, MARCUS, and PRYOR, Circuit Judges.

PER CURIAM:

Nathaniel James, a federal prisoner who was convicted of one felony count involving a crack cocaine and powder cocaine offense, appeals the district court's judgment denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). He contends that Amendment 706 to the sentencing guidelines lowers his base offense level by two levels and, as a result, lowers his guidelines range. He also contends that during the resentencing proceeding he seeks the district court should recalculate the drug quantities for which he is accountable in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 552 U.S. __, 128 S. Ct. 558 (2007).

We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (citing United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002)).[1] A district court generally cannot modify a term of imprisonment once imposed. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). However, there is an exception under 18 U.S.C. § 3582(c)(2) that provides:

> [When] a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . ., the court may reduce the term of imprisonment, after considering the

---

[1] Once it is established that 18 U.S.C. § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion. United States v. Vautier, 144 F.3d 756, 759, n.3 (11th Cir. 1998); see also White, 305 F.3d at 1267.

factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); see also Moreno, 421 F.3d at 1219.

For crack cocaine offenses, Amendment 706 to the Sentencing Guidelines, considered along with Amendment 713, retroactively reduced applicable base offense levels. United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008); see also U.S.S.G. App. C, Amend. 706 (2007); Amend. 713 (Supp. May 1, 2008). Under Moore, however, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." 541 F.3d at 1330.

In Moore we held that Amendment 706 did not alter the sentencing range of defendants convicted of crack cocaine offenses because those defendants had been sentenced as career offenders under U.S.S.G. § 4B1.1. Id. at 1328. We followed and applied the Moore decision in United States v. Thomas, No. 08-11492, 2008 WL 4659359 (11th Cir. Oct. 23, 2008). The defendant in that case had been convicted of crack cocaine offenses and of being a felon in possession of a firearm, and for purposes of sentencing those convictions were grouped together under U.S.S.G. § 3D1.2(c). Id. Because of the application of the U.S.S.G. § 4B1.4

armed career criminal provisions in Thomas' case, Amendment 706 did not alter

his sentence, and therefore § 3582(c)(2) did not authorize a reduction in his

sentence.[2] Id. Moore and Thomas dictate the result in this case. Although the

facts of this case are somewhat different, the overriding similarity is that

Amendment 706 did not alter the guidelines range on which James' sentence was

based.

James organized and operated a large drug organization in Florida, resulting

in his 1991 conviction for conspiracy to possess with intent to distribute cocaine

and crack cocaine in violation of 21 U.S.C. § 846. He was sentenced under the

sentencing guidelines in effect on July 31, 1989. His base offense level under

U.S.S.G. § 2D1.1(a)(3) was determined to be 36 because the conspiracy involved

hundreds of kilograms of powdered cocaine and between 10 and 15 kilograms of

---

[2] In certain situations Amendment 706 may apply even where the defendant was sentenced under the armed career criminal provisions. The offense level for an armed career criminal is taken from the greatest of several calculations, including "the offense level applicable from Chapters Two and Three." See U.S.S.G. § 4B1.4(b)(1)–(3). Chapter Two of the Sentencing Guidelines Manual includes the drug quantity table in § 2D1.1(c) that sets forth the offense levels for quantities of crack cocaine. U.S.S.G. § 2D1.1(c). Thus, for example, if an offense level of 36 under § 2D1.1(c) was applied at the original sentencing for an armed career criminal because it produced the highest offense level among the relevant calculations in § 4B1.4(b), that offense level played a role in the calculation of the range. In that situation the new offense level of 34 could mean that the armed career criminal was sentenced to a "range that has subsequently been lowered" under 18 U.S.C. § 3582(c)(2). In this way, Amendment 706 could apply to the sentence of an armed career criminal.

crack cocaine.[3]  It was increased two levels under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm and another four levels under § 3B1.1(a)  because of his leadership role in the offense.  Those increases resulted in an adjusted offense level of 42.  The court found that the appropriate criminal history category was II.  An offense level of 42 and criminal history category of II produced a guidelines range of 360 months to life.  The court sentenced him to life.  Amendment 706 changes none of that.

Amendment 706 does not affect the calculation of James' base offense level in a way favorable to him.   At his sentencing in 1989 James was held responsible for 10 to 15 kilograms of crack cocaine, which at that time resulted in a base offense level of 36.  Because of an intervening change in the guidelines, under the amendment his base offense level now would be 38.  U.S.S.G. § 2D1.1(c)(1) (2007) (providing that 4.5 kilograms or more of crack cocaine receive a base offense level of 38, the highest possible level in the drug quantity table).  The same is true of the base offense level if it is calculated on the basis of the powder cocaine.  He was held responsible for "hundreds of kilograms" of it.  That also

---

[3]  The district court did not convert the quantities of two types of drugs into an equivalency aggregate drug amount.  However, the large quantities of each type of drug placed James well over the threshold quantity necessary for a base offense level of 36, the highest possible level for drug quantity at the time of sentencing in 1989.  See U.S.S.G. § 2D1.1, Drug Quantity Table (1989).

resulted in a base offense level of 36, the highest then available for large quantities of powder cocaine. Now, the guidelines provide for a base offense level of 38 for 150 or more kilograms of powder cocaine. Id. What this means is that whether his sentence was based on the crack cocaine or the powder cocaine, under Amendment 706 the base offense level used to calculate James' sentence would be higher than the one used at his 1989 sentencing. The result would be a higher adjusted offense level and a higher guidelines range.

The provisions of Amendment 706 would not result in a lower base offense level and guidelines range for James. It follows that James is not entitled to resentencing under § 3582(c)(2). See Thomas, 2008 WL 4659359; Moore, 541 F.3d at 1328. His arguments for the application of Booker and Kimbrough at resentencing are academic.

**AFFIRMED.**