[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14584
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00135-CR-ORL-31-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH LEE HOLMES, JR.,
a.k.a. Joseph Lee Holmes,
a.k.a. Joseph L. Holmes,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 16, 2009)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Joseph Lee Holmes Jr. appeals the denial of his motion for a reduced sentence. 18 U.S.C. § 3582(c)(2). Holmes's motion was based on Amendment 706 to the Guidelines. We affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

The district court did not err. Amendment 706 did not have the effect of lowering Holmes's sentencing range. Holmes was ineligible for a sentence reduction. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."). We affirm the denial of Holmes's motion.

**AFFIRMED.**