[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16384
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20057-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD DELANCY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 20, 2009)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Ronald Delancy appeals from the denial of his motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack

cocaine found in U.S.S.G. § 2D1.1. On appeal, Delancy, who was sentenced under the career offender guideline, U.S.S.G. § 4B1.1, concedes that our precedent forecloses his argument, but, in order to preserve the issue, argues that the district court erred in denying his motion. After thorough review, we affirm.

"We review <u>de novo</u> a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." <u>United States v. James</u>, 548 F.3d 983, 984 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The Sentencing Commission has noted that a defendant is ineligible for a sentence reduction where an "amendment does not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)).

As Delancy concedes, his argument is foreclosed by precedent. We recently held that, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." <u>United States v. Moore</u>, 541 F.3d 1323, 1330 (11th Cir. 2008), <u>cert.</u>

2

denied, <u>McFadden v. United States</u>, 129 S. Ct. 965 (2009), <u>and</u> <u>cert. denied</u>, __ S. Ct. __ (U.S. Mar. 9, 2009) (No. 08-8554). Because Delancy's sentencing range was calculated under the career-offender provisions in U.S.S.G. § 4B1.1, rather than the drug quantity table in § 2D1.1, Amendment 706 did not have the effect of lowering Delancy's sentencing range, and, thus, he was ineligible for a sentence reduction. Accordingly, we affirm.

**AFFIRMED.**