[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15146
Non-Argument Calendar

_____

D. C. Docket No. 00-00017-CR-LSC-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKEY MARCELL MCCALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 22, 2009)

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Rickey Marcell McCall, proceeding pro se, appeals from the district court's order denying his motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

## I.

In 2000, McCall pled guilty to 1 count of possession with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and 2 counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The pre-sentence investigation report ("PSI"), the probation officer determined that McCall had a base offense level of 32, under U.S.S.G. § 2D1.1(c)(4). After applying a 2-level enhancement for possession of firearms and a 3-level reduction for acceptance of responsibility, McCall received a total offense level of 31. McCall had a criminal history category of II which, when coupled with an offense level of 31, gave him an applicable guideline range of 121 to 151 months' imprisonment. However, the PSI determined that McCall was subject to the statutory minimum sentence of life imprisonment under § 841(b)(1)(A), which became his guideline sentence under U.S.S.G. § 5G.1.1(b). The district court adopted the guideline calculations in the PSI and sentenced McCall to the statutory minimum sentence of life imprisonment on Count 1 and a concurrent sentence of 120 months' imprisonment on Counts 2

and 3.

In August 2008, McCall filed the instant pro se motion for a sentencing reduction, pursuant to § 3582(c)(2), arguing that he was eligible for a sentencing reduction because Amendment 706 to the Sentencing Guidelines reduced his offense level from 31 to 29. He also argued that, under Booker[1] and the factors in 18 U.S.C. § 3553(a), the court should consider several mitigating factors during re-sentencing. The district court denied McCall's motion, finding that, although Amendment 706 would reduce McCall's offense level from 31 to 29, it would not affect his applicable guideline range of life imprisonment.

## II.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Any such reduction must also be consistent with the Commission's applicable policy statements, which similarly provide, inter alia, that a sentencing reduction is not permitted where the

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 621 (2005).

retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

## III.

In this case, the district court correctly found that it was not authorized to grant McCall a sentencing reduction because his sentence was based on the statutory mandatory minimum sentence, not the base offense level affected by Amendment 706.[2] See United States v. Williams, 549 F.3d 1337, 1342 (11th Cir. 2008) (holding that the defendant was not eligible for a sentencing reduction because, under U.S.S.G. § 5G1.1(b), he "was subject to a statutory mandatory minimum that replaced his original sentencing guideline range"). Accordingly, we affirm.

**AFFIRMED.**

---

[2] We also conclude without discussion that McCall's remaining arguments on appeal are without merit.