[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2009
THOMAS K. KAHN
CLERK

No. 08-16502
Non-Argument Calendar

_____

D. C. Docket No. 04-60232-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN EUGENE,
a.k.a. Steven Eugene Lousley,
a.k.a. Louie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 30, 2009)

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Steven Eugene, who was convicted of crack cocaine offenses, appeals through counsel the denial of his pro se motion for modification of sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706. The district court denied the motion because Eugene's base offense level was determined using the career offender guideline, U.S.S.G. § 4B1.1, rather than U.S.S.G. § 2D1.1. Eugene argues that he nevertheless was eligible for a reduction because the district court rejected his career offender guideline imprisonment range and granted a downward variance. For the reasons set forth below, we affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 706, which was made retroactive by Amendment 713, reduced the offense levels in § 2D1.1 for crack cocaine offenses by two levels. See U.S.S.G. App. C, Amends. 706, 713 (2008). Any sentence reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statements provide that "a reduction in the defendant's term of

2

imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . [a retroactive amendment] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)).

The district court did not err in denying Eugene's motion. See James, 548 F.3d at 984. The record demonstrates that Eugene's base offense level initially was set at 28, pursuant to § 2D1.1, and criminal history category at VI. Because he qualified as a career offender, however, his base offense level was changed to 34, pursuant to § 4B1.1, and his criminal history category stayed at VI. Thus, his guideline imprisonment range was 262 to 327 months. At sentencing, the district court adopted the PSI calculations, but granted a downward variance and sentenced Eugene to 192 months' imprisonment. The district court cited the 18 U.S.C. § 3553(a) factors and particularly was influenced by Eugene's troubled childhood.

Because Eugene's guideline imprisonment range was calculated using § 4B1.1 rather than § 2D1.1, Amendment 706's changes to § 2D1.1 did not affect his sentence. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) ("Where a retroactively applicable guideline amendment

3

reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."). The district court's grant of a downward variance does not change this conclusion. There is no evidence that the district court rejected the career offender guideline imprisonment range or otherwise based its sentence on the guideline imprisonment range that used § 2D1.1. See Moore, 541 F.3d at 1329-30. Rather, the district court simply granted a variance, based on its consideration of the § 3553(a) factors and Eugene's troubled childhood, from the career offender guideline imprisonment range. Indeed, the sentence imposed was not even within the guideline imprisonment range that used § 2D1.1(a)(3), which would have been 140 to 165 months. Thus, Eugene was not eligible for a reduction, and we affirm.

**AFFIRM.**