[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11724
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00034-CR-9-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIUS WORKMAN,
a.k.a. Ray,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 13, 2009)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Darius Workman, proceeding pro se, appeals from the district court's

sua sponte denial of a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2).

For the reasons set forth below, we affirm.

**I.**

In 1999, Workman pled guilty to one count of distributing crack cocaine, in

violation of 21 U.S.C. § 841(a)(1).  The probation officer determined that

Workman had a base offense level of 28 under U.S.S.G. § 2D1.1 because he was

responsible for at least 20, but less than 35, grams of crack cocaine.  However,

because Workman had two prior felony convictions for drug distribution, the

probation officer found that he was a career offender under U.S.S.G. § 4B1.1.

Workman's status as a career offender gave him a new offense level of 34, which

was reduced to 31 after the probation officer applied a 3-level reduction for

acceptance of responsibility.  Workman had a criminal history category of VI

which, when coupled with an offense level of 31, produced an applicable guideline

range of 188 to 235 months' imprisonment.  The district court ultimately sentenced

Workman to 188 months' imprisonment, and we affirmed Workman's conviction

and sentence on appeal.

On March 12, 2008, the district court, acting sua sponte, entered an order

denying Workman a sentencing reduction.  After re-calculating Workman's

guideline range in light of Amendment 706, the court explained that Workman was ineligible for a sentencing reduction because "[t]here is no change in [his] advisory guideline range since he is a career offender and his offense level is determined based on th[e] Chapter Four enhancement." This appeal followed.

## II.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Any such reduction must also be consistent with the Commission's applicable policy statements, which similarly provide, inter alia, that a sentencing reduction is not permitted where the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

## III.

In this case, the district court correctly found that Workman was ineligible for a sentencing reduction because, although Amendment 706 would reduce Workman's base offense level from § 2D1.1, it would not affect his guideline

range, as his underlying base offense level was superseded when he was sentenced as a career offender. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied (U.S. Mar. 9, 2009) (No. 08-8554). Workman's remaining arguments are wholly without merit. Accordingly, we affirm.

**AFFIRMED.**