[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15945
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00124-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE DENSON,
a.k.a. Dre,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 18, 2009)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Andre Denson, a federal prisoner convicted of crack cocaine offenses,

appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduced sentence.

After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify an already incarcerated defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 965 (2009), and ___ S. Ct. ___, 2009 WL 301854 (U.S. Mar. 9, 2009) (No. 08-8554); see also U.S.S.G. § 1B1.10(a)(2)(B). A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A).

Here, the district court did not err in denying Denson's § 3582(c)(2) motion. Denson's § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels in U.S.S.G. § 2D1.1(c)

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

2

applicable to crack cocaine offenses. Because Denson was designated a career offender at his original sentencing, his offense level was based on U.S.S.G. § 4B1.1, not on U.S.S.G. § 2D1.1(c). Thus, Amendment 706 had no effect on Denson's ultimate sentencing range. See Moore, 541 F.3d at 1327-29 (concluding that because Amendment 706 has no effect on the sentencing range of a defendant sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, such a defendant is not eligible for a § 3582(c)(2) reduction).

Denson argues that the high pre-amendment crack cocaine offense levels in § 2D1.1 theoretically may have had some "passive effect" on the final sentence the district court imposed. Denson notes that the district court denied his U.S.S.G. § 5K1.1 motion for a downward departure at sentencing and, later, did not give him the full reduction he sought upon the government's substantial assistance motion filed pursuant to Federal Rule of Criminal Procedure 35(b). Denson speculates that the outcome for each of these motions might have been different had Amendment 706 been in effect at the time. However, a § 3582(c)(2) reduction is authorized only when an amendment actually lowers a defendant's applicable guidelines range. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & cmt. n.1(A).[2] In Denson's case, Amendment 706 did not change his applicable

---

[2]We reject Denson's interpretation of Moore that a defendant is eligible for a § 3582(c)(2) reduction any time the pre-amendment crack cocaine offense level may have

guidelines range.  Thus, he was ineligible for a § 3582(c)(2) reduction.

**AFFIRMED.**

---

"played a role" in the ultimate sentence selected by the district court.  In dicta, Moore suggested a narrow exception to the general rule that a crack cocaine defendant sentenced as a career offender is ineligible for § 3582(c)(2) relief even when he received a downward departure.  541 F.3d at 1329-30.  Specifically, Moore suggested that a § 3582(c)(2) reduction was authorized when the defendant's downward departure was based on U.S.S.G. § 4A1.3(b) (overrepresented criminal history) and the sentencing court used the "otherwise applicable guideline range" derived from § 2D1.1(c) as its frame of reference.  Id.  Denson was not given a § 4A1.3 downward departure and thus would not fall under the exception discussed in Moore.