[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13363
Non-Argument Calendar

_____

D. C. Docket No. 05-00165-CR-ORL-31-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROOSEVELT LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 2, 2009)

Before BLACK, CARNES, and BARKETT, Circuit Judges.

PER CURIAM:

James Roosevelt Lee, a federal prisoner convicted of a crack cocaine offense, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify his sentence. Lee contends that he is entitled to a sentence reduction based on Amendment 706 to the sentencing guidelines, which lowered the base offense levels applicable to certain crack cocaine offenses. The district court held that it lacked the authority to resentence Lee based on Amendment 706 because Lee was sentenced as a career offender. Lee argues that the was entitled to a reduction because although he qualified as a career offender, the district court's downward variance of his sentence meant that he was not sentenced as one.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment where the defendant's sentence was based on a sentencing range that was later reduced by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A sentence reduction is not "consistent with applicable policy statements issued by the Sentencing Commission"—and therefore not authorized under § 3582(c)(2)—if the amendment does not lower the defendant's guideline range. U.S.S.G. § 1B1.10(a)(2)(B). A defendant sentenced

2

under the career-offender provision of § 4B1.1 of the guidelines is not entitled to § 3582 relief because Amendments 706 and 713 do not lower the applicable guideline range for career offenders.  See United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008).

Although the district court applied a downward variance in sentencing Lee originally, it still considered him a career offender.  The district court never stated that it did not consider Lee a career offender or that the career offender designation overrepresented his criminal history.  Instead, after explicitly discussing the 18 U.S.C. § 3553(a) factors and Lee's extensive criminal history, the district court applied a downward variance to reduce the sentencing disparity between Lee and a codefendant.  Because Lee was sentenced as a career offender, he is not entitled to a sentence reduction under Amendment 706.

**AFFIRMED.**