[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17038
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00006-CR-1-MMP-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN DUNLAP,
a.k.a. Superintendent Duke,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 16, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Stephen Dunlap, who pled guilty to a crack cocaine offense, appeals pro se the district court's denial of his motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2) and based on Amendment 706, which reduced the base offense levels applicable to crack cocaine offenses that involved less than 4.5 kilograms of crack cocaine. The district court denied the motion because Dunlap was held responsible for 22.25 kilograms of crack cocaine, such that Amendment 706 did not affect his guideline imprisonment range. Dunlap now argues that the sentencing court did not specify the amount of crack cocaine for which he was responsible and failed to resolve his objection to the drug amount used in the presentence investigation report ("PSI"). Dunlap also argues that the sentencing court could not hold him accountable for more than 4.5 kilograms of crack cocaine because the plea agreement specified that he was responsible for only "50 grams or more of crack cocaine." For the reasons set forth below, we affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Any reduction, however, must be

"consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements provide that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . [a retroactive amendment] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10, comment. (n.1(A)).

The district court properly denied the motion. See James, 548 F.3d at 984. Dunlap was ineligible for a sentence reduction, as Amendment 706 did not lower his guideline imprisonment range because he was held accountable for more than 4.5 kilograms of crack cocaine and Amendment 706 only lowered the base offense levels for quantities of crack cocaine less than 4.5 kilograms. See id. at 986 (holding that the defendant was not entitled to a reduction in sentence because he had been held accountable for more than 4.5 kilograms of crack cocaine, and Amendment 706 did not lower his guideline range). Dunlap's argument that the district court failed to resolve his objection to the PSI drug-amount finding is without merit, because the record demonstrates that he withdrew that objection at sentencing. Dunlap's argument, that the district court failed to make a finding as to drug amount, also is without merit. The record demonstrates that the district court

found that the PSI was "complete, true and accurate" before imposing sentence and, therefore, adopted the PSI drug-amount finding of 22.25 kilograms. Dunlap's argument, that the district court could not hold him accountable for more than 4.5 kilograms of crack cocaine given the drug-amount stipulations of the plea agreement, likewise is facially without merit. Dunlap acknowledges that the plea agreement stipulated that he was responsible for 50 grams "or more" of crack cocaine. Accordingly, we affirm.

**AFFIRMED.**