[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11030
Non-Argument Calendar

_____

D. C. Docket No. 97-00519-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORRIS BENTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 3, 2009)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Norris Benton, through counsel, appeals the district court's denial of his motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

## I.

In 1997, a jury found Benton guilty of conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and three counts of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The probation officer prepared a pre-sentence investigation report ("PSI") and determined that Benton was responsible for 197.87 grams of crack cocaine and 221.3 grams of powder cocaine, which, after being converted into their marijuana equivalent, gave Benton a base offense level of 34 under U.S.S.G. § 2D1.1. The probation officer applied a two-level enhancement for the possession of a dangerous weapon under § 2D1.1(b)(1), giving Benton an adjusted offense level of 36. However, the probation officer determined that Benton was a career offender under U.S.S.G. § 4B1.1, and, because the statutory maximum penalty for the offense was life imprisonment, Benton received a new, superseding offense level of 37, pursuant to § 4B1.1(b)(A). Benton's status as a career offender also gave

2

him a criminal history category of VI, which, combined with his offense level of 37, produced an applicable guideline range of 360 months to life imprisonment.

The district court adopted the factual findings and guideline calculations contained in the PSI and sentenced Benton to 360 months' imprisonment. The judgment specifically provided that Benton was sentenced as a career offender under § 4B1.1. We subsequently granted Benton's motion to voluntarily dismiss his direct appeal with prejudice.

In 2007, the government filed a motion to reduce Benton's sentence based on his substantial assistance, pursuant to Fed.R.Crim.P. 35(b). The court held a hearing on the motion, where the government requested a 33% reduction and defense counsel requested a 50% reduction. The district court ultimately ruled as follows:

> I have to say that, under the circumstances . . . it doesn't seem to me that the Government's recommendation is an unreasonable recommendation. It would work out, though, still to a very lengthy sentence, right? It would take you to 240 months instead of 360, right? That's what it works out to.
>
> I'll give you a little extra consideration. But I just can't justify doing more. So I'm going to reduce your sentence — instead of 240, I'm going to take another 36 months off and make it to 204 months.

The district court did not otherwise explain why it selected that particular sentence, and, in its written order, it clarified that "all other terms and conditions of the

3

Judgment and Commitment Order shall remain in full force and effect."

In May 2008, and relying on Amendment 706 to the Guidelines, Benton filed a pro se motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). A federal public defender was appointed and filed a memorandum in support of the motion. Relying on our decision in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965, and cert. denied, 129 S.Ct. 1601 (2009), counsel argued, inter alia, that Benton was eligible for a sentencing reduction because, in reducing his sentence under Rule 35, the district court relied "on non-career-offender guideline analyses . . . ."

The district court denied Benton's motion on the ground that Benton was sentenced as a career offender and, therefore, Amendment 706 would not reduce his applicable guideline range. This appeal followed.

## II.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2); see also U.S.S.G.

4

§ 1B1.10(a)(2)(B) (same).

Construing this language of § 3582(c)(2), we held in Moore that certain defendants who were sentenced as career offenders were ineligible for a sentencing reduction under Amendment 706 because that amendment would not reduce their applicable guideline ranges. 541 F.3d at 1330 ("[A]lthough Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1."); see U.S.S.G. § 4B1.1(b) (providing for superseding offense levels based on the statutory maximum penalty where those levels are "greater than the offense level otherwise applicable").

## III.

Although Benton was originally sentenced as a career offender, he contends that the above holding of Moore is inapplicable because, in granting him a Rule 35 reduction, the district court relied on "non-career-offender considerations." In Moore, we addressed a similar argument advanced by two career offenders who received downward departures at sentencing under U.S.S.G. § 5K1.1. 541 F.3d at 1329-30. We rejected their argument on the ground that there was no indication that the district court based its sentences "on the guideline range[s] that would have applied absent the career offender designation." Moore, 541 F.3d at 1330. As a

result, Amendment 706 did not affect the guideline ranges upon which the defendants' sentences were based.

Similarly, in this case, there is nothing in the record to support Benton's assertion that the district court, in reducing his sentence under Rule 35, based its sentence on the guideline range that would have applied had Benton not been sentenced as a career offender. Indeed, in its written order granting Benton a Rule 35 reduction, the district court clarified that all of the terms and conditions from the original judgment of conviction – which specifically referenced Benton's career-offender status – were to remain in effect.

Thus, like the defendants in <u>Moore</u>, Benton was not eligible for a sentencing reduction because Amendment 706 would not affect the guideline range upon which his original sentence or Rule 35 sentence was based. We also note that any inaccuracies contained in the district court's order are inconsequential, as the court clearly and correctly denied Benton's motion on the ground that he was sentenced as a career offender. Accordingly, we affirm.

**AFFIRMED.**