[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14093
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 27, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 95-00003-CR-WLS-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD LEE MCCOY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 27, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Richard Lee McCoy appeals the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion for a sentence reduction pursuant to Amendment 706 to the

Sentencing Guidelines. On appeal, McCoy argues that even though at sentencing he qualified as a career offender under U.S.S.G. § 4B1.1, he was not sentenced as one because his base offense level was based on U.S.S.G. § 2D1.1. After a review of the record, we affirm.

McCoy was convicted of conspiracy to possess with intent to distribute crack cocaine in 1997. In calculating McCoy's sentencing range, the probation officer determined the base offense level to be 34 due to the amount of drugs involved. The probation officer then found that McCoy qualified as a career offender under U.S.S.G. § 4B1.1 based on his 2 prior controlled substance offenses and the adjusted offense level under § 4B1.1 remained 34. The applicable criminal history category was VI based on McCoy's actual criminal history and as a result of the career-offender guideline. The resulting guidelines range was 262 to 327 months' imprisonment. McCoy did not object to the probation officer's calculations. The court sentenced McCoy to the low end of this guidelines range. In imposing sentence, the court adopted the probation officer's calculations, but did not specifically refer to the career-offender provision.

McCoy filed a 28 U.S.C. § 2255 motion to vacate sentence in 1999. The district court denied the motion, stating that although McCoy qualified as a career offender based on his criminal history, he had not specifically been sentenced as

2

one because he was sentenced under the normal guideline provisions.

After the U.S. Sentencing Commission enacted Amendment 706 to reduce the base offense level for crack cocaine offenses in 2007 and made the reduction retroactive in Amendment 713 in 2008, McCoy filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court denied the motion, explaining that McCoy's guidelines range was not affected by the amendment because McCoy was sentenced as a career offender. McCoy filed motions for reconsideration, one with the assistance of counsel. The district court denied the motions, and this appeal followed.

We "review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2).

As this court has held, a defendant sentenced pursuant to an offense level determined by § 4B1.1 of the Guidelines is not entitled to § 3582(c)(2) relief because Amendments 706 and 713 do not lower the applicable guideline range for

3

career offenders. *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008), *cert. denied*, *McFadden v. United States*, 129 S.Ct. 965, *and cert. denied*, 129 S.Ct. 1601 (2009).

Although McCoy argues that he was not sentenced as a career offender, we conclude that he was and therefore our precedent bars his claim. According to the record, McCoy qualified as a career offender under U.S.S.G. § 4B1.1, and the district court adopted the probation officer's calculation of him as one. Thus, the reduction under Amendment 706 would not have affected McCoy's guidelines range and the district court properly denied McCoy's § 3582(c) motion for a reduction of sentence.

**AFFIRMED.**