[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 18, 2010
JOHN LEY
CLERK

No. 09-10490
Non-Argument Calendar

_____

D. C. Docket No. 05-00105-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOMINIQUE VALENTINO TURNER,
a.k.a. Rudolph Vernon Turner,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 18, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Dominique Valentino Turner, a federal prisoner proceeding pro se, appeals

from the district court's grant of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the Guidelines. Amendment 706 retroactively reduced the base offense levels applicable to crack-cocaine offenses under U.S.S.G. § 2D1.1(c).

The district court granted Turner's § 3582(c)(2) motion as to his sentence for conspiracy to traffic in crack cocaine (Count 2), but did not reduce his sentence for his money laundering offense (Count 3). On appeal, Turner argues that the district court erred by failing to reduce his sentence for his money laundering offense because the guideline for crack-cocaine offenses, U.S.S.G. § 2D1.1(c), played a role in determining his offense level for his money laundering offense. In support of this argument, he points out that, pursuant to U.S.S.G. § 2S1.1(a)(1), the base offense level for his money laundering offense should be the same as the offense level for the underlying offense from which the laundered funds were derived. Turner argues that because the laundered funds in this case were derived from his drug trafficking activities, and his offense level for his underlying drug trafficking offense was calculated under § 2D1.1(c), his offense level for his money laundering offense was ultimately based on the crack-cocaine guideline in § 2D1.1(c).

We normally review de novo a district court's determination of the scope of

2

its authority to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). However, when a defendant fails to raise an argument before the district court, we review only for plain error. United States v. Spoerke, 568 F.3d 1236, 1244 (11th Cir. 2009). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." Id. at 1244-45 (quotation omitted). In order for an error to be obvious for purposes of plain error review, "it must be plain under controlling precedent or in view of the unequivocally clear words of a statute or rule." United States v. Lett, 483 F.3d 782, 790 (11th Cir. 2007).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A sentence modification is not consistent with the Commission's policy statements where an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(2)(B).

3

Even if a district court errs in sentencing a defendant, we will affirm if the error was harmless. See Fed.R.Crim.P. 52(a); United States v. Robles, 408 F.3d 1324, 1327 (11th Cir. 2005). "An error is harmless if it does not affect the substantial rights of the defendant." Robles, 408 F.3d at 1327. A "non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect." United States v. Hornaday, 392 F.3d 1306, 1315-16 (11th Cir. 2004) (quotation and citations omitted).

Because Turner failed to raise his argument before the district court, plain error review applies. Although Turner alleges that he filed a Rule 35 motion challenging the district court's determination of his sentence, that motion is not in the record and was never received by the court; therefore, the challenge to the district court's reasoning was not raised below. Turner cannot demonstrate plain error because he cannot point to controlling case law or a statute in support of his argument on appeal.

Moreover, any error the district court may have made in finding that Amendment 706 did not apply to Turner's money laundering offense was harmless. This is because Turner was not eligible for the Count 2 reduction under Amendment 706 in the first place: he accepted responsibility for 4 kilograms of

4

crack cocaine and 4 kilograms of cocaine. When translated to their marijuana

equivalents, as instructed by § 2D1.1 comment. 10(D), Turner was responsible for

80,800 kilograms of marijuana for a base offense level of 38 – no change from the

court's determination initially.[1]

Accordingly, based on our review of the record and the parties' briefs on

appeal, we affirm.

**AFFIRMED.**

---

[1]  The Government has not challenged the district court's reduction of Turner's conspiracy to traffic sentence under Amendment 706 on appeal and it is thus waived.