[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13701
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 01-06070-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS GOVAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 9, 2010)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Govan, a federal prisoner convicted of possession with intent to

distribute crack cocaine, appeals the district court's judgment denying his 18 U.S.C. § 3582(c)(2) motion. Govan sought a reduction of his sentence based on Amendment 706 to the sentencing guidelines, which retroactively provides for a two-level reduction in base offense levels for crack cocaine offenses if the amendment has the effect of altering the defendant's sentencing range. See generally United States v. Moore, 541 F.3d 1323 (11th Cir. 2008). The district court held that it lacked authority to reduce Govan's sentence under § 3582(c)(2) because Govan was sentenced as a career offender under U.S.S.G. § 4B1.1, and as a result Amendment 706 did not lower his guidelines range. See id. at 1325.

Govan contends that the district court erroneously concluded that it lacked discretionary authority to grant his motion for a sentence reduction. He bases his argument on the fact that when he was originally sentenced, the district court rejected a career offender enhancement and applied a downward departure on the ground that his criminal history category significantly overrepresented the seriousness of his prior narcotics offenses. The government appealed that decision, and this Court reversed, concluding that the district court erred by failing to apply the career offender guidelines and by departing downward for Govan's criminal history. Govan was resentenced as a career offender. Govan argues that the district court should have considered the intent of the original sentencing court

2

when evaluating whether Govan was eligible for a sentence reduction under § 3582(c)(2).

We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). In the present case the district court correctly determined that it lacked authority to reduce Govan's sentence. See Moore, 541 F.3d at 1330. Govan acknowledges Moore's holding but points out that Moore distinguished cases in which defendants ultimately were not sentenced as a career offenders because prior convictions overrepresented the seriousness of their criminal history. See id. at 1329–30. The Moore opinion observed that in those situations "a reduction in sentence is within the district court's discretionary authority under § 3582(c)(2)." Id. at 1330.

Even if that observation were something more than dicta, it would not change the result for Govan. He was ultimately sentenced as a career offender under U.S.S.G. § 4B1.1. Therefore, the district court properly determined that it lacked authority under § 3582(c)(2) to reduce his sentence based upon Amendment 706. See Moore, 541 F.3d at 1325.

As an alternative argument, Govan contends that Moore was wrongly decided. That argument is to no avail. We are bound to follow our prior precedent

3

unless and until it is overruled by this Court sitting en banc or by the Supreme Court.  See, e.g., United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008).

**AFFIRMED.**