[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12174
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2012
JOHN LEY
CLERK

Docket No. 1:04-cr-21018-JIC-11


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAPATRICK DEON MCINTOSH,
a.k.a. Pat,
a.k.a. Lapatrick Deon Macintoch,
a.k.a. Fat,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 13, 2012)

Before EDMONDSON, WILSON, and BLACK, Circuit Judges.


PER CURIAM:

LaPatrick Deon McIntosh, a pro se federal prisoner convicted of a crack cocaine offense, appeals the district court's denial of his motion for a sentence reduction -- pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines[1] -- and his motion for reconsideration. No reversible error has been shown; we affirm.[2]

During McIntosh's original sentencing proceeding, a probation officer calculated McIntosh's total offense level as 38 -- pursuant to U.S.S.G. § 2D1.1(c)(3) and (b)(1) -- based on McIntosh's possession of 1 kilogram of cocaine base and his possession of a dangerous weapon. The probation officer then concluded that McIntosh qualified as a career offender and that his resulting offense level under U.S.S.G. § 4B1.1(b) was 37. Because McIntosh's offense level under section 4B1.1 was not "greater than the offense level otherwise applicable," McIntosh's total offense level remained 38. McIntosh then received a criminal history category of VI under section 4B1.1(b) because of his career offender designation. McIntosh's guidelines range was calculated as 360 months'

---

[1]Amendment 706 retroactively reduced by two the base offense levels of crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008).

[2]We review de novo the district court's legal conclusions about the scope of its authority in a section 3582(c)(2) proceeding. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

to life imprisonment; and the district court sentenced McIntosh to 360 months' imprisonment.

When a sentencing guideline is amended and given retroactive effect, the district court may reduce an already incarcerated defendant's term of imprisonment under the amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, unauthorized under section 3582(c)(2) -- if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Applying Amendment 706 retroactively to McIntosh's case, his total adjusted offense level under section 2D1.1 would become 36 instead of 38. This includes a base offense level of 34 because he was held responsible for 1 kilogram of cocaine base and a 2-level enhancement for possession of a dangerous weapon. Because McIntosh's career offender offense level of 37 is now higher than the modified offense level of 36, his total offense level becomes 37 under section 4B1.1(b). See U.S.S.G. § 4B1.1(b) (providing that "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the

[career offender] offense level . . . shall apply"). Based on an offense level of 37 and a criminal history category of VI, McIntosh's guidelines range is still 360 months' to life imprisonment. Because the application of Amendment 706 did not lower McIntosh's applicable guidelines range, he is ineligible for relief under section 3582(c)(2).

AFFIRMED.