[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11234
Non-Argument Calendar
_____

D.C. Docket No. 0:98-cr-06212-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ROBERT LEE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 21, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Michael Robert Lee, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence. Lee is currently serving concurrent sentences of 300 months' imprisonment for possession with intent to distribute cocaine and 180 months' imprisonment for being a felon in possession of a firearm, and a consecutive sentence of 60 months' imprisonment for carrying a firearm in relation to a drug trafficking crime.  Lee's 300-month sentence was based in part on his status as a career offender under U.S.S.G. § 4B1.1.  On appeal, Lee argues: (1) his "offense statutory maximum" was improperly calculated under Amendment 506, (2) the district court improperly weighed the § 3553(a) factors at his original sentencing, (3) he was convicted for possession of 27.3 grams of cocaine, but sentenced to possession of more than 28 grams of cocaine, and (4) he should not have been charged with carrying a firearm in relation to a drug trafficking crime.

We review *de novo* the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2).  *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).  The district court "may not modify a term of imprisonment once it has been imposed except . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C.

2

§ 3582(c)(2).    A § 3582(c)(2) proceeding "does not constitute a *de novo* resentencing," and "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."   *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).

The district court did not err in denying Lee's motion.    Lee's claims regarding the § 3553(a) factors, the weight of cocaine, and the carrying of a firearm charge concern "original sentencing determinations," rather than the lowering of a sentencing range by the Sentencing Commission, and were thus outside the scope of the § 3582(c)(2) proceedings.    *See Bravo*, 203 F.3d at 781. As to Lee's claim regarding Amendment 506, the language upon which his argument relies was superseded in 1997 by Amendment 567's definition of the same term.    *See* U.S.S.G. App. C, Amends. 506, 567.    Moreover, § 3582(c)(2) authorizes modifications of sentences based on sentencing ranges "subsequently . . . lowered by the Sentencing Commission," and Amendment 506 could not have "subsequently . . . lowered" Lee's sentencing range, as it became effective five years before Lee was sentenced.    *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. App. C, Amend. 506.    Accordingly, we affirm the district court's denial of Lee's motion.

**AFFIRMED**.

3