[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17170
Non-Argument Calendar

_____

D. C. Docket No. 98-00433-CR-T-24C

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK BURNEY, a.k.a. Pete,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 20, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Frederick Burney, who was convicted of a crack cocaine offense, appeals

through counsel the district court's denial of his pro se motion for reduction of

sentence, pursuant to 18 U.S.C. § 3582(c)(2) and based on Amendment 706, which reduced the base offense levels applicable to crack cocaine offenses that involved less than 4.5 kilograms of crack cocaine. The district court denied the motion because Burney was held responsible for 442 kilograms of crack cocaine, such that Amendment 706 did not affect his guideline imprisonment range. For the reasons set forth below, we affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements provide that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . [a retroactive amendment] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10, comment. (n.1(A)).

The district court properly denied the motion. See James, 548 F.3d at 984.

2

First, Burney's guideline imprisonment range was not lowered as a result of Amendment 706, given that he was held accountable for more than 4.5 kilograms of crack cocaine and Amendment 706 only lowered the base offense levels for quantities of crack cocaine less than 4.5 kilograms. See id. at 986 (holding that the defendant was not entitled to a reduction in sentence because he had been held accountable for more than 4.5 kilograms of crack cocaine, and Amendment 706 did not lower his guideline range). Also, to the extent that Burney argues that the district court could have relied on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), to reduce his sentence or otherwise should have applied Booker and Kimbrough, his sentence is without merit because those cases do not apply to § 3582 proceedings. See United States v. Melvin, 556, F3d 1190, 1192-93 (11th Cir. 2009) (holding that neither Booker nor Kimbrough render a guideline range advisory in the context of a § 3582 proceeding), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664); United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (holding that Booker did not provide a jurisdictional basis for § 3582 relief because it was not a sentencing amendment). Accordingly, we affirm.

**AFFIRMED.**

3