[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2009
THOMAS K. KAHN
CLERK

No. 08-15371
Non-Argument Calendar

_____

D. C. Docket No. 04-00028-CR-1-SPM/AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT KEITH RAINES,
a.k.a. Silk,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 20, 2009)

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Appellant Vincent Keith Raines, proceeding *pro se*, appeals the district

court's denial of his *pro se* motion for a reduced sentence, which he filed pursuant to 18 U.S.C. § 3582(c)(2). Raines based his motion on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine offenses. The district court denied Raines's § 3582(c)(2) motion, finding that he was ineligible for a reduction because he was sentenced as a career offender under U.S.S.G. § 4B1.1, such that Amendment 706 did not lower the guideline range pursuant to which he was sentenced. On appeal, Raines submits that the district court erred in determining that he was not eligible for § 3582(c)(2) relief because his sentence was based on his guideline range calculated under U.S.S.G. § 2D1.1.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently was lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statements, found in U.S.S.G. § 1B1.10, state that a sentence reduction is not authorized under § 3582(c)(2) if "[a]n amendment listed in

2

subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary elaborates that a reduction is not authorized if an applicable amendment does not lower a defendant's applicable guideline range "because of the operation of another guideline." U.S.S.G. § 1B1.10, comment. (n.1(A)).

Because the district court sentenced Raines as a career offender under § 4B1.1, we conclude that the crack cocaine base offense level played no ultimate role in his sentence, and therefore, the district court correctly determined that he was not eligible for a § 3582(c)(2) sentence reduction. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)); *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008) (holding that the district court was not authorized to grant § 3582(c)(2) reductions because, "although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1"), *cert. denied*, *McFadden v. United States*, 129 S. Ct. 965 (2009), *and cert. denied*, 129 S. Ct. 1601 (2009).

Accordingly, we affirm the district court's order denying Raines's motion for a reduced sentence.

**AFFIRMED.**