[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16052
Non-Argument Calendar

_____

D. C. Docket No. 93-00571-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROOSEVELT BRAGG,
a.k.a. Lil Bo,
a.k.a. Fred Horn,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2009)

Before TJOFLAT, DUBUINA and BLACK, Circuit Judges.

PER CURIAM:

Roosevelt Bragg, a federal prisoner convicted of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine quantities.

On appeal, Bragg acknowledges we have held that a defendant who is responsible for more than 4.5 kilograms of crack cocaine is ineligible for a sentence reduction under Amendment 706. However, Bragg asserts because he was charged with possessing only "a detectable amount" of cocaine, the applicable statutory maximum penalty was 20 years' imprisonment. He argues the district court, in recalculating his sentence under Amendment 706, should have realized his original sentence exceeded the statutory maximum and reduced his sentence accordingly.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be

"consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" – and is, therefore, not authorized under § 3582(c)(2) – if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

The district court properly denied § 3582 relief because Bragg's guideline range was not lowered as a result of Amendment 706, given that he was held accountable for more than 4.5 kilograms of crack cocaine, and Amendment 706 only lowered base offense levels for quantities of crack cocaine less than 4.5 kilograms. *See James*, 548 F.3d at 986 (holding that the defendant was not entitled to a reduction in sentence because he had been held accountable for more than 4.5 kilograms of crack cocaine, and Amendment 706 did not lower his guideline range). Furthermore, Bragg's argument his sentence exceeded the statutory maximum penalty is not properly before this Court, because a § 3582 proceeding "does not constitute a *de novo* resentencing" and "does not grant to the court jurisdiction to consider extraneous resentencing issues." *United States v. Bravo*, 203 F.3d 778, 781-82 (11th Cir. 2000). Accordingly, the district court properly denied the § 3582 motion, and we affirm.

**AFFIRMED.**