[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

No. 08-14828
Non-Argument Calendar

_____

D. C. Docket No. 04-00067-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE CURTIS ROBINSON,
a.k.a. Fat,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 2, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Lee Curtis Robinson challenges the district court's order denying his 18

U.S.C. § 3582(c)(2) motion to modify his sentence. Robinson contends that he is entitled to a sentence reduction under Amendment 706 to the sentencing guidelines, which reduced the base offense levels applicable to certain crack cocaine offenses. The district court ruled that it lacked the authority to reduce Robinson's sentence under Amendment 706 because he was sentenced as a career offender.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Any sentence reduction under § 3582(c)(2) must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The sentencing guidelines provide that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if" a retroactive amendment applies to the defendant but "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, cmt n.1(A). A defendant sentenced under § 4B1.1 of the guidelines is not entitled to § 3582 relief because Amendments 706 and 713 do not lower the applicable guideline range for career offenders. See United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008).

2

It is undisputed that Robinson's guideline range was determine by applying the career offender provision of U.S.S.G. § 4B1.1. Robinson contends, however, that Moore is distinguishable because here the district court applied a downward variance under 18 U.S.C. § 3553 and sentenced Robinson based on an offense level of 31, instead of the guidelines level of 34. He argues that by applying that downward variance, the district court implicitly determined that the career offender provision overstated his criminal history because the downward variance had the same effect as not considering him a career offender. He argues, therefore, that he was not sentenced as a career offender and is eligible for a sentence reduction under Amendment 706. That arguments fails. The district court never suggested that it was not considering Robinson a career offender or that Robinson's criminal history was overrepresented by the application of the career offender provision. Instead, the district court varied downward from the guideline range under 18 U.S.C. § 3553(a)(6) to avoid an unwarranted sentencing disparity between Robinson and a codefendant. Robinson was still sentenced under the career offender provision, and therefore, he is not entitled to a sentence reduction under Amendment 706.

**AFFIRMED.**