[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17196
Non-Argument Calendar

_____

D. C. Docket No. 01-00534-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO PLIEGO-DUARTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 8, 2009)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Arturo Pliego-Duarte ("Pliego"), a federal prisoner convicted of a drug

distribution conspiracy offense, appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. After review, we affirm.

Under § 3582(c)(2), a district court may reduce an incarcerated defendant's term of imprisonment if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 965 (2009), and 129 S. Ct. 1601 (2009); see also U.S.S.G. § 1B1.10(a)(2)(B).

Pliego based his § 3582(c)(2) motion on Amendments 706 and 715 to the Sentencing Guidelines. Amendment 706 lowered most of the base offense levels under U.S.S.G. § 2D1.1(c) for crack cocaine offenses. Amendment 715 amended the commentary to § 2D1.1 to clarify that, generally, if an offense involved cocaine base and one or more other drugs, the combined offense level calculated after converting each of the drugs to its marijuana equivalency should be reduced by two offense levels. U.S.S.G. § 2D1.1 cmt. n.10(D)(i). However, the reduction

2

does not apply if "the 2-level reduction results in a combined offense level that is less than the combined offense level that would apply . . . if the offense involved only the other controlled substance(s) (i.e., the controlled substance(s) other than cocaine base)." Id. § 2D1.1 cmt. n.10(D)(ii)(II).

The district court did not err in concluding that Pliego was ineligible for a § 3582(c)(2) reduction.[1] Pliego's drug conspiracy involved several drugs, including 158 kilograms of marijuana, 26 kilograms of cocaine powder, 28.7 kilograms of methamphetamine and 201 grams of crack cocaine. At Pliego's original sentencing, the district court converted these drug amounts to their marijuana equivalency and attributed to Pliego a total of 85,690.69 kilograms of marijuana. The combined drug amount resulted in a base offense level of 38 under § 2D1.1(c)(1).

Subtracting two levels from Pliego's combined offense level results in an offense level of 36. However, subtracting the crack cocaine marijuana equivalency of 4,020 kilograms, see U.S.S.G. § 2D1.1 cmt. n.10(E), from the total of 85,670.69 kilograms of marijuana still results in a base offense level of 38. See U.S.S.G. § 2D1.1(c)(1) (setting offense level at 38 for 30,0000 kilograms or more of marijuana). Because the combined offense level for all the drug types after the

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

3

two-level reduction is less than the offense level when the crack cocaine amount is excluded, the two-level reduction does not apply, and Pliego's base offense level remains 38. See U.S.S.G. § 2D1.1 cmt. n.10(D)(ii)(II). Thus, because Amendments 706 and 715 do not have the effect of lowering Pliego's applicable guidelines range, the district court correctly concluded Pliego was ineligible for a sentence reduction.

Pliego actually seems to concede that, based on the commentary to § 2D1.1 as outlined above, he does not qualify for a sentencing reduction. We reject as meritless Pliego's main argument that he nonetheless should receive a reduction because one of his co-defendants erroneously received the reduction. The statute does not authorize a district court to entertain a § 3582(c)(2) motion under these circumstances.

**AFFIRMED.**