[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14588
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00114-CR-ORL-31-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL DENNIS JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 15, 2009)

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Carl Dennis Johnson, a federal prisoner convicted of a crack cocaine offense, appeals the district court's denial of his counseled 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine offenses. On appeal, Johnson argues, through counsel, that he is entitled to a reduction under Amendment 706 because he was sentenced pursuant to § 2D1.1, not pursuant to the career-offender provision of U.S.S.G. § 4B1.1, given that the district court at sentencing noted that the guideline range under § 4B1.1 was grossly disproportionate to the seriousness of the offense and that the crack-to-cocaine disparity was unwarranted. Johnson also argues that he falls within an exception created in United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554), wherein a defendant could receive a sentence reduction if he was not sentenced as a career offender, even if he qualified as one.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C.

2

§ 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission"—and is, therefore, not authorized under § 3582(c)(2)—if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

A defendant whose original guideline sentencing range was based on the career-offender guideline section of § 4B1.1 is precluded from receiving a sentence reduction because Amendment 706 does not have the effect of lowering the applicable guideline range. See Moore, 541 F.3d at 1327; see also U.S.S.G. § 1B1.10, comment. (n.1(A)) (stating that a reduction under § 3582(c)(2) is not authorized where "the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision"). Where the base offense levels under § 2D1.1 "play[] no role" in the calculation of the guideline range, the defendant is not entitled to § 3582 relief under Amendment 706. Moore, 541 F.3d at 1327.

Upon review of the record and the parties' briefs, we discern no reversible error. Johnson was determined to be a career offender, and the district court

3

sentenced him as such. At sentencing, the court never stated that the PSI's career-offender determination was incorrect or overrepresented Johnson's criminal history. Rather, after explicitly discussing the § 3553(a) factors and the crack-to-cocaine disparity, the district court used its discretion to vary downward from the advisory career-offender guideline range. The crack-cocaine base offense level of § 2D1.1 played no role in the calculation of Johnson's guideline range, and thus Amendment 706 did not lower that range. Accordingly, Johnson is not entitled to a sentence reduction pursuant to § 3582. Id.

**AFFIRMED.**