[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13585
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00309-CR-T-26-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL CHED REED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 22, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Ched Reed appeals the district court's denial of his motion for a

reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2). Reed's § 3582(c)(2) motion was based on Amendment 706 to the Guidelines, which reduced base offense levels applicable to crack cocaine. On appeal, Reed argues that he was not sentenced as a career offender because the district court found that Reed's career offender criminal history category of VI overrepresented his prior criminal conduct, and, therefore, it departed downward, pursuant to U.S.S.G. § 4A1.3, to a criminal history category of IV. Reed attempts to distinguish our decision in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554), by arguing that none of the career offender defendants in Moore had received a downward departure under U.S.S.G. § 4A1.3.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may not modify a term of imprisonment unless a defendant was sentenced based on a sentencing range that has "subsequently been lowered" by the Sentencing Commission. See 18 U.S.C. §§ 3582(c)(1)(B), (c)(2). Amendment 706, which has been made retroactive, amends the Drug Quantity Table in U.S.S.G. § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack cocaine offenses." Moore, 541 F.3d at

2

1325.  However, if a defendant is a career offender, his base offense level is determined under the career offender guideline in U.S.S.G. § 4B1.1(b) and not the drug quantity guideline in § 2D1.1(c).

Upon review of the record and the parties' briefs, we discern no reversible error.  A defendant is only entitled to a § 3582(c)(2) sentence reduction if an amendment actually reduces his applicable guideline range.  See Moore, 541 F.3d at 1327-28.  In this case, Amendment 706 did not reduce Reed's applicable guideline range because his final offense level was based on the career offender provisions of U.S.S.G. § 4B1.1 and not the § 2D1.1 table that Amendment 706 changed.  Therefore, because Reed's applicable guideline range remained unaffected by Amendment 706, he was not entitled to a sentence reduction under § 3582(c)(2).  Accordingly, we hereby affirm the district court's decision.

**AFFIRMED.**