[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10911
Non-Argument Calendar

_____

D. C. Docket No. 02-00257-CR-TWT-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID GOODEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 31, 2009)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

David Gooden, a federal prisoner proceeding with counsel, appeals the denial of his *pro se* motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. On appeal, Gooden, who was sentenced as career offender, argues that, contrary to our holding in *United States v. Moore*, 541 F.3d 1323, 1327-30 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 1601 (2009), the plain language of 18 U.S.C. § 3553(a)(4) requires the district court consider the sentencing range established for the offense committed, which cannot be the career-offender range, as that range is an enhancement that applies to many different types of offenses. Accordingly, he argues, he meets the requirement of § 3582(c)(2) because he was sentenced to a term of imprisonment based on a range that subsequently has been lowered.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing

2

Commission." *Id.* The applicable policy statements, found in U.S.S.G. § 1B1.10, prohibit a reduction where an "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline." U.S.S.G. § 1B1.10, comment. (n.1(A)). Finally, we are bound to follow our precedent unless it is overruled *en banc* or by the Supreme Court. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Gooden's sentence was based on the career-offender provisions in U.S.S.G. § 4B1.1, rather than the drug quantity table in U.S.S.G. § 2D1.1. Because Gooden's sentence did not rest on the provision regarding the quantity of crack cocaine in U.S.S.G. § 2D1.1, which was amended under Amendment 706, Amendment 706 did not have the effect of lowering his guideline range. Thus, Gooden was ineligible for a sentence reduction. *See Moore*, 541 F.3d at 1330. As to his argument that *Moore* was wrongly decided, we must follow our own precedent. *See Archer*, 531 F.3d at 1352. Accordingly, we affirm.

**AFFIRMED.**