[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16301
Non-Argument Calendar

_____

D. C. Docket No. 00-14086-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY J. SANDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2009)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Anthony J. Sanders, a federal prisoner convicted of a crack cocaine offense and sentenced as a career offender, appeals the district court's denial of his *pro se* 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. Sanders based his motion on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine offenses. Because Sanders was sentenced as a career offender under U.S.S.G. § 4B1.1, Amendment 706 did not have the effect of lowering his guideline range, as required for relief under 18 U.S.C. § 3582(c)(2). As a result, we affirm the district court's denial of Sanders's motion.

## I. BACKGROUND

In 2001, Sanders pled guilty to one count of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Sanders's base offense level was 30 pursuant to U.S.S.G. § 2D1.1. However, Sanders was also classified as a career offender under U.S.S.G. § 4B1.1 because he was at least 18 years old at the time of the instant offense, the instant offense was a felony drug offense, and Sanders had at least two prior felony convictions for controlled substance offenses. Since the statutory maximum term of imprisonment for a violation of 21 U.S.C. § 841(a)(1) is 40 years imprisonment, the career offender guideline requires a base offense level of 34. *See* U.S.S.G. § 4B1.1(b). Sanders then received a downward departure of three levels for timely

2

acceptance of responsibility, resulting in a total offense level of 31. Sanders's sentencing range was 188 to 235 months of imprisonment, and the district court sentenced Sanders to 188 months.

## II. STANDARDS OF REVIEW

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).

## III. DISCUSSION

A district court may modify a sentence "in the case of a defendant who has been sentenced . . . *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." § 3582(c)(2) (emphasis added). In such a case, the court may reduce the defendant's sentence after considering applicable § 3553(a) factors, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A reduction is not consistent with applicable policy statements and is not authorized if the retroactive amendment does not have the "effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The retroactive amendment at issue here is Amendment 706, which reduces the base offense levels for crack cocaine offenses sentenced under U.S.S.G. § 2D1.1.

Sanders concedes that this Court previously decided the issue on appeal in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), *cert. denied*, *McFadden v. United States*, 129 S. Ct. 965 (2009), and *cert. denied*, 129 S. Ct. 1601 (Mar. 9, 2009). *Moore* involved several defendants convicted of crack cocaine offenses who were sentenced under the career offender guideline § 4B1.1. In *Moore,* we held that a defendant whose original sentence was based ultimately on something other than the offense level calculation under § 2D1.1, such as the career offender guideline section of § 4B1.1, cannot receive a sentence reduction because Amendment 706 does not have the "effect" of lowering the applicable guideline range. *Moore*, 541 U.S. at 1327–28. That is, a defendant cannot obtain relief under § 3582(c)(2) if his sentence was based on the career offender guideline because Amendment 706 would not have reduced his sentence. *Id.* at 1330.

Sanders's conviction was based ultimately on the career offender guideline, rather than the offense level calculation under § 2D1.1. A career offender's base offense level is determined with regard to the statutory maximum sentence for the offense of conviction. U.S.S.G. § 4B1.1. Therefore, Sanders offense level was based on § 4B1.1, which calculated a base offense level of 34 after taking into regard the statutory maximum sentence for Sanders's offense of conviction. Consequently, Amendment 706 to § 2D1.1 does not have the effect of lowering

4

Sanders's sentencing range, and the district court could not reduce his sentence.

Sanders argues that *Moore* was decided wrongly. He asserts that regardless of whether the career offender guideline range was affected by Amendment 706, the district court must still consider § 3553(a), which requires that certain factors be taken into account in imposing a sentence on a defendant. However, § 3582(c)(2) does not give a district court unfettered authority to reduce a defendant's sentence. Instead, the court must determine the amended guideline range that would have been applicable to the defendant if Amendment 706 had been in effect at the time Sanders was sentenced. U.S.S.G. § 1B1.10 (b)(1). A court shall only substitute the amendments that have been listed for retroactive application and "shall leave all other guideline application decisions unaffected." *Id.* If the application of a retroactive amendment did not have the effect of lowering the defendant's sentencing range, then the district court has no jurisdiction to reduce a defendant's sentence. Therefore, the district court could not analyze the factors under § 3553(a) unless it first determined that Amendment 706 had the effect of lowering the defendant's sentencing range. *See* § 3582(c)(2).

In *Moore*, we explicitly held that Amendment 706 did not have the effect of lowering a defendant's applicable guideline range if the defendant was sentenced as a career offender under § 4B1.1. *Moore*, 541 F.3d at 1325. *Moore* remains

5

valid authority for a defendant sentenced under the career offender guideline.  We may "depart from a prior panel decision based upon an intervening Supreme Court decision . . . if that decision actually overruled or conflicted with it" or if, sitting *en banc*, we overrule the decision.  *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir. 2004) (quotation omitted).

Sanders did not qualify for the Amendment 706 reduction because he was a career offender, and the district court did not need to consider the § 3553(a) factors because it lacked the authority to grant any reduction. We may not depart from *Moore* because it has not been overruled by the Supreme Court or by this Court sitting *en banc*.

**AFFIRMED.**