[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15394
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00079-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KAVON WALTER MOSLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 16, 2009)

Before DUBINA, Chief Judge, WILSON and FAY, Circuit Judges.

PER CURIAM:

Appellant Kavon Walter Mosley, a *pro se* federal prisoner, appeals the

district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  Mosley's motion was based on Amendment 706, which lowered the base offense levels applicable to certain crack cocaine sentences.  The district court denied the motion, finding that Mosley was sentenced as a career offender under U.S.S.G. § 4B1.1.  On appeal, Mosley argues that the district court did not sentence him as a career offender because his sentence of 274 months' imprisonment was below the mandatory minimum 300-month sentence found in U.S.S.G. § 4B1.1(b)(B), and therefore he was eligible for a sentence reduction.  Mosley contends that the district court also erred in refusing to consider the 18 U.S.C. § 3553(a) factors.  Finally, Mosley argues that if the district court originally sentenced him as a career offender, that classification was incorrect.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).  A district court may modify a term of imprisonment "in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Amendment 706, which has been made retroactive, amended the drug quantity table in § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack cocaine offenses."  *United States v.*

2

*Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008), *cert. denied*, *McFadden v. United States*, 129 S. Ct. 965 (2009), *and cert. denied*, 129 S. Ct. 1601 (2009). However, if a defendant is a career offender, his base offense level is determined under the career offender guideline in § 4B1.1(b) and not the drug quantity guideline in § 2D1.1(c). *Id.* at 1327-28. Therefore, Amendment 706 has no effect on a career offender's applicable guideline range. *Id.* The offense level for a defendant who qualifies as a career offender is determined according to the statutory maximum for his underlying crime. U.S.S.G. § 4B1.1(b). In *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005), we explained that, under section 3582(c)(2), all "original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." (internal quotation marks omitted).

Because the district court sentenced Mosley as a career offender, Amendment 706 to the Sentencing Guidelines did not lower his guidelines range, and he was not entitled to resentencing under 18 U.S.C. § 3582(c)(2). As such, the district court did not have authority to consider the § 3553(a) factors. Additionally, Mosley's challenge to his original designation as a career offender is misplaced because, during a § 3582(c)(2) proceeding, the district court may not disturb any of its original factual findings. Accordingly, we affirm the district court's order

3

denying Mosley a sentence reduction.

**AFFIRMED.**