[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11251
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00023-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE EDWARD HOLSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 22, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Clarence Edward Holsey, a pro se federal prisoner convicted of crack cocaine and firearm offenses, appeals the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. No reversible error has been shown; we affirm.[*]

When a sentencing guideline is amended and given retroactive effect, the district court may reduce an already incarcerated defendant's term of imprisonment under the amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, unauthorized under section 3582(c)(2) -- if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c).

---

[*]We review de novo the district court's legal conclusions about the scope of its authority in a section 3582(c)(2) proceeding. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Here, the district court denied Holsey's section 3582(c)(2) motion because he was not sentenced pursuant to the drug quantity table but, instead, was sentenced pursuant to U.S.S.G. § 2K2.1, the guideline for firearm offenses. Holsey was convicted on two crack cocaine counts and on one count of being a felon in possession of a firearm. Pursuant to U.S.S.G. § 3D1.2(c), the drug counts were grouped with, and treated as separate offense characteristics of, the firearm count. Because section 2K2.1 yielded the higher guidelines range, see U.S.S.G. § 3D1.3(a), it was used to calculate Holsey's range of 151 to 188 months. Holsey received a total sentence of 151 months, comprised of 151 months on the drug counts and 120 concurrent months (the statutory maximum) on the firearm count.

On appeal, Holsey argues that his sentence was based on the drug quantity table. But the record shows clearly that Holsey's guidelines range was calculated under section 2K2.1. We conclude that the district court determined correctly that it lacked authority to reduce Holsey's sentence pursuant to Amendment 706 because his guidelines range was unaffected by the amendment. See United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S.Ct. 1601 (2009) (concluding that defendants sentenced as career offenders were ineligible for sentence reductions under Amendment 706 because their guidelines ranges were

3

not based on the drug quantity offense levels that had been lowered by Amendment 706).

AFFIRMED.