[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 12, 2009
THOMAS K. KAHN
CLERK

No. 09-11507
Non-Argument Calendar

_____

D. C. Docket No. 00-08155-CR-JAG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEWIS FRANKLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 12, 2009)

Before EDMONDSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Lewis Franklin, a federal prisoner convicted of a crack cocaine offense, appeals the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines.[*] The district court denied the section 3582(c)(2) motion because Franklin had been sentenced as a career offender. No reversible error has been shown; we affirm.

On appeal, Franklin argues that the district court erred in concluding that Amendment 706 did not apply to him. He concedes that his argument is foreclosed by our prior precedent and acknowledges that he raises it only to preserve it for later review. We review de novo the district court's legal conclusions about the scope of its authority under the Sentencing Guidelines in a section 3582(c)(2) proceeding. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Here, the district court committed no error in denying Franklin's section 3582(c)(2) motion. Because Franklin was sentenced based on the career-offender offense level instead of the offense level determined by drug quantity, he was ineligible for a sentence reduction under Amendment 706. United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, McFadden v. United States,

---

[*]Amendment 706 retroactively reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008).

129 S.Ct. 965 (2009), and cert. denied, 129 S.Ct. 1601 (2009) (concluding that the district court had no authority to reduce the sentence of a defendant who was sentenced as a career offender under U.S.S.G. § 4B1.1).

AFFIRMED.