[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12453
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 21, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 93-00102-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT UPSHAW,
a.k.a. Robert Epps,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 21, 2010)

Before EDMONDSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Robert Upshaw, a federal prisoner convicted of a crack cocaine offense,

appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. After review, we affirm.

## I. BACKGROUND

In 1993, a jury found Upshaw guilty of one count of conspiracy to possess with intent to distribute cocaine base. At his original sentencing, the district court held Upshaw accountable for 3 kilograms of cocaine base. Using this drug quantity, Upshaw's base offense level under U.S.S.G. § 2D1.1(c)(3) (1993) was 38. However, because Upshaw had two prior qualifying felony convictions, Upshaw was designated a career offender.[1]

The career offender provision, U.S.S.G. § 4B1.1, instructs the district court that, "[i]f the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply." U.S.S.G. § 4B1.1 (1993). Upshaw's base offense level under the career offender guideline table was 37, § 4B1.1(A) (1993), which with his criminal history category of VII yielded a guidelines range of 360 months' to life imprisonment. However, pursuant to § 4B1.1, the district court applied the greater offense level, 38, from § 2D1.1(c)(3) to calculate Upshaw's guidelines range. With a total offense level of 38 and a criminal history category of VI, Upshaw's

---

[1]At sentencing, Upshaw did not object to his status as a career offender or his criminal history, which included the two qualifying felony convictions.

guidelines range was 360 months' to life imprisonment.  The district court imposed a 360-month sentence.

In 2008, Upshaw filed this § 3582(c)(2) motion based on Amendment 706 to the Sentencing Guidelines.  Amendment 706 lowered by two levels most of the base offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses.  See U.S.S.G. app. C, amends. 706, 713.  Upshaw argued that he was eligible for a sentencing reduction because, after Amendment 706, his base offense level for 3 kilograms was 36 and his amended sentencing range was 324 to 405 months.  The district court denied the § 3582(c)(2) motion.  The district concluded that, although Amendment 706 lowered Upshaw's base offense level for 3 kilograms under § 2D1.1(c), it did not lower his sentencing range because Upshaw was a career offender under § 4B1.1, which also carried the original sentencing range of 360 months' to life imprisonment.  Upshaw appealed.

## II.  DISCUSSION

Under § 3582(c)(2), a district court has the authority to modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1)-(2)

(2009).[2]  However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 965 (2009); see also U.S.S.G. § 1B1.10(a)(2)(B).  A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision."  U.S.S.G. § 1B1.10 cmt. n.1(A).

In Moore, we concluded that a crack cocaine defendant whose offense level was determined by the career offender provision, U.S.S.G. § 4B1.1, rather than § 2D1.1(c), was not eligible for a § 3582(c)(2) reduction because Amendment 706 did not lower the sentencing range upon which the defendant's sentence was ultimately based.  541 F.3d at 1327.  However, Moore did not address Upshaw's situation, that is, a crack cocaine defendant who was sentenced as a career offender, but whose ultimate offense level of 38 was determined by § 2D1.1(c).  In Upshaw's case, we conclude that his career offender status made him ineligible for a § 3582(c)(2) reduction.

---

[2]We review de novo the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2).  United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Upshaw was designated a career offender at his original sentencing, and the district court applied § 4B1.1 to determine Upshaw's applicable offense level. The fact that Upshaw's offense level of 38 under § 2D1.1(c) was higher than his offense level of 37 under § 4B1.1's table does not change his career offender status. Thus, in determining whether Amendment 706 reduced Upshaw's sentencing range, the district court was required to consider not only whether the amendment reduced the offense level for 3 kilograms under § 2D1.1(c), but also whether § 4B1.1's table produced a higher offense level than his amended § 2D1.1(c) offense level. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (explaining that in recalculating the sentencing range under the amendment, only the amended guideline provision is substituted and all other guidelines determinations remain unchanged).

Had Amendment 706 been in effect at Upshaw's original sentencing, his § 2D1.1(c) offense level (based on 3 kilograms of cocaine) would have been 36 instead of 38. Compare U.S.S.G. § 2D1.1(c)(2) (2009) with U.S.S.G. § 2D1.1(c)(3) (1993). But, his career offender offense level would have remained 37. Therefore, under § 4B1.1, the district court would have been required to apply the greater offense level of 37, and Upshaw's guidelines range would have remained 360 months' to life imprisonment. Thus, Amendment 706 did not lower

the sentencing range upon which Upshaw's sentence was based, and the district court was not authorized by § 3582(c)(2) to reduce Upshaw's sentence.

**AFFIRMED.**