[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11651
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2010
JOHN LEY
CLERK

D. C. Docket No. 01-00069-CR-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 13, 2010)

Before EDMONDSON, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

John White, convicted of distributing more than 50 grams of crack cocaine,

in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and sentenced to 160 months imprisonment, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence, which was based on Amendment 706 to the Sentencing Guidelines. White contends that the district court erred by finding that he was ineligible for a § 3582(c)(2) reduction because of his career-offender status; his theory is that his downward-departure sentence he received resulted from the sentencing court's disagreement with the career-offender guidelines and its belief that the operation of the guidelines overstated his criminal history.

We review only for abuse of discretion a district court's decision to deny reduction of a defendant's sentence pursuant to § 3582(c)(2), *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005), but we review *de novo* its conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).

In a section 3582(c) proceeding, a district court may not modify a term of imprisonment unless a defendant was sentenced based on a sentencing range that has "subsequently been lowered" by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). The applicable policy statements provide that a sentence reduction is not authorized under § 3582(c)(2) if "'the amendment does not have the effect of

lowering the defendant's applicable guideline range *because of the operation of another guideline.*'" *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (quoting U.S.S.G. § 1B1.10, comment. (n.1(A))), *cert. denied*, 129 S.Ct. 965, *and* 129 S.Ct. 1601 (2009).

Amendment 706, which has been made retroactive, amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack cocaine offenses." *Id.* at 1325; *see also* U.S.S.G. App. C, Amend. 706. Nevertheless, if a defendant was sentenced as a career offender, his base offense level was determined under the career-offender guidelines in § 4B1.1(b), and the drug-quantity guidelines in § 2D1.1(c) ultimately played no role in his sentence. *Moore*, 541 F.3d at 1327. For that reason, Amendment 706 does not result in a lower guidelines range for the defendant. *Id.* at 1330. That is what the record before us indicates happened in this case. The sentencing court did grant White a downward departure from the career-offender-driven range based on his substantial assistance to the government, but the resulting sentence was not based on a sentencing range that was later lowered by Amendment 706. The sentencing range from which the downward departure departed was set by the career offender guidelines, which remain unaffected by the amendment.

White is like the movant in *Moore*. Amendment 706 reduced his base

3

offense level but did not lower his applicable guideline range, which was dictated by his career offender status. As a result, White, like Moore, is not eligible for a § 3582(c)(2) sentence reduction, and the district court did not abuse its discretion by denying him one.

**AFFIRMED.**