[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12490
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 17, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:88-cr-00819-PCH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRY LEE GREENBERG,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 17, 2010)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Terry Lee Greenberg, a federal prisoner, appeals *pro se* the district court's

denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on

Amendments 484 and 516 to the Sentencing Guidelines. These amendments

altered the method of calculating drug quantities based on marijuana plants or on

controlled substances mixed with other materials. Greenberg was convicted in 1990 of possession and conspiracy to possess with intent to distribute at least 1,000 kilograms of marijuana, pursuant to 46 U.S.C. § 1903(a), (j), (g), and was sentenced as a career offender. The district court denied his § 3582(c)(2) motion on grounds that he had been sentenced as a career offender and, thus, was ineligible for a sentence reduction. He argues that the court erred in failing to recalculate the marijuana weight pursuant to Amendments 484 and 516, as he contends that a revised drug quantity of less than 1,000 kilograms would lower his offense statutory maximum and, thus, his career-offender offense level. For the reasons set forth below, we affirm.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).

Amendments 484 and 516 were made retroactive by incorporation into U.S.S.G. § 1B1.10(c). The district court may only reduce a prisoner's sentence pursuant to § 3582(c)(2) if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by

the Sentencing Commission" pursuant to a retroactive amendment. 18 U.S.C. § 3582(c)(2). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. § 1B1.10(a)(2)(B). Thus, if the defendant was sentenced pursuant to the career-offender guidelines in § 4B1.1, a change in the Guidelines' drug-quantity determination does not give the district court the authority to reduce the defendant's sentence. *See United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008), *cert. denied*, *McFadden v. United States*, 129 S.Ct. 965, *and cert. denied*, 129 S.Ct. 1601 (2009).

A career offender whose offense of conviction carries a statutory maximum penalty of life imprisonment is subject to an offense level of 37, subject to any decrease for acceptance of responsibility from § 3E1.1. U.S.S.G. § 4B1.1(b)(A). A career offender with an offense statutory maximum of at least 25 years' but less than life imprisonment is subject to an offense level of 34. § 4B1.1(b)(B).

Greenberg's offenses of conviction carried a statutory maximum sentence of life imprisonment and, thus, resulted in his career-offender offense level of 37. He does not argue that he has received post-conviction relief reducing his conviction to a lesser included offense of possessing with intent to distribute less than 1,000

3

kilograms of marijuana.  Thus, regardless of whether Amendments 484 and 516 might have reduced his drug quantity for purposes of U.S.S.G. § 2D1.1, they had no effect on his career-offender offense level.  Accordingly, the district court did not err in determining that he was not entitled to a sentence reduction.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**